NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 29 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY EUGENE LEWIS, | No. 17-35527 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01112-JLR |
| v. | |
| KING COUNTY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Anthony Eugene Lewis appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional claims related to

Washington's sex offender registration requirements.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Szajer v. City of Los Angeles*, 632 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

607, 610 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Lewis's Eighth Amendment claim because Washington's sex offender registration statute does not impose criminal punishment. *See State v. Ward*, 869 P.2d 1062, 1068-69 (Wash. 1994) (Washington's sex offender registry serves a regulatory, rather than punitive, purpose).

The district court properly granted summary judgment on Lewis's Fourteenth Amendment equal protection and substantive due process claims because Lewis failed to raise a genuine dispute of material fact as to whether the sex offender registration statute is not rationally related to a legitimate state interest. *See United States v. Juvenile Male*, 670 F.3d 999, 1009, 1012 (9th Cir. 2012) (statute that does not burden a protected class or a fundamental right will be upheld if it is rationally related to a legitimate state interest); *Ward*, 869 P.2d at 1077 (sex offender registration statute advances the valid state interest of assisting law enforcement).

The district court properly granted summary judgment on Lewis's Fourteenth Amendment procedural due process claim because Lewis failed to raise a genuine dispute of material fact as to whether the registration requirement was not based on his prior criminal conviction. *See Juvenile Male*, 670 F.3d at 1014 (no additional due process required where the requirement to register is based

17-35527

solely on prior conviction).

**AFFIRMED.**